# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JANE C. CALDWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:03CV707 |
| STEPHEN L. JOHNSON, Administrator for the United States Environmental Protection Agency, | ) ) ) ) ) |
| Defendant. | ) |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court pursuant to an order from the Fourth Circuit Court of Appeals, instructing this court to determine what effect, if any, the Supreme Court's decision in *Burlington Northern & Sante Fe Railway Co. v. White*, 126 S. Ct. 2405 (2006), has on this court's prior grant of summary judgment in favor of Defendant on Plaintiff's Title VII retaliation claim. For the following reasons, it will be recommended that the court hold that the *White* decision has no effect on the court's prior determination of summary judgment in favor of Defendant on Plaintiff's Title VII retaliation claim.

Background

Plaintiff Jane Caldwell, a federal employee at all relevant times, filed this action on July 28, 2003, alleging discrimination based on disparate treatment

because of gender, hostile work environment, and retaliation in violation of Title VII. Defendant moved for summary judgment on December 15, 2004. The undersigned recommended that Defendant's motion be granted, and on April 19, 2005, United States District Judge William L. Osteen adopted the recommendation. In its opinion, the court determined, among other things, that Plaintiff could not survive summary judgment on her retaliation claim because none of the alleged retaliatory actions affected the terms, conditions, or benefits of Plaintiff's employment. In doing so, the court relied on Fourth Circuit precedent from *Von Gunten v. Maryland*, 243 F.3d 858, 866 (4th Cir. 2001), holding that a Title VII retaliation claim includes only those actions that result in an adverse effect on the terms, conditions, or benefits of employment.

On June 17, 2005, Plaintiff appealed. In June 2006, while this case was pending on appeal to the Fourth Circuit, the Supreme Court issued *Burlington Northern & Sante Fe Railway Co. v. White*, 126 S. Ct. 2405 (2006). In *White*, which involved a private sector employee, the court adopted a new standard for Title VII retaliation claims brought under 42 U.S.C. § 2000e-3(a). On January 19, 2007, the Fourth Circuit Court of Appeals issued an order requiring this court to consider what effect, if any, *White* has on Plaintiff's retaliation claim. On January 29, 2007, the undersigned ordered the parties to submit briefs on the issue. The parties have now briefed their respective positions, and the matter is ripe for disposition. In its brief, Defendant contends that the new standard for retaliation claims articulated in *White*

applies only to private sector employees, not to federal government employees. For the following reasons, the court agrees.

Discussion

*Burlington Northern v. White*

The general anti-discrimination provision of Title VII, 42 U.S.C. § 2000e-2(a), provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." By contrast, the anti-retaliation provision of Title VII, 42 U.S.C. § 2000e-3(a), provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." It is well established that for purposes of the general anti-discrimination section (2000e-2(a)), a plaintiff must show that the discrimination was in the form of an adverse employment action, i.e., an action that affects the terms, conditions, or benefits of employment. For years, however, the circuits have been split as to whether the same standard applies under the anti-retaliation provision (2000e-3(a)). 42 U.S.C. § 2000e-3(a). The Supreme Court in *Burlington Northern v. White*

-3-

Case 1:03-cv-00707-TDS-WWD   Document 54   Filed 04/03/07   Page 3 of 8

resolved the split among the circuits, holding that the anti-retaliation provision of Title VII is "not limited to discriminatory actions that affect the terms and conditions of employment," and thus abrogating the Fourth Circuit's rule in *Von Gunten*. *Id.* at 2412-14. The *White* Court held that, instead, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *White*, 126 S. Ct. at 2409 (quoting *Rochon v. Gonzalez*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). In requiring that the action be "materially adverse," the Court further observed that a court must be careful to "separate significant from trivial harms." *White*, 126 S. Ct. at 2415. The Court further stated that "[c]ontext matters . . . [and] 'an act that would be immaterial in some situations is material in others.'"[1] *White*, 126 S. Ct. at 2415-16 (quoting *Washington v. Ill. Dep't of Revenue*, 420 F.3d 658, 661 (7th Cir. 2005)).

In reaching its holding in *White*, the Supreme Court carefully compared the difference in the language between §§ 2000e-2(a) and 2000e-3(a) and specifically rejected the argument that the two sections should be read coterminously. *White*, 126 S. Ct. at 2414. The *White* Court stated that the language of the substantive anti-

---

[1] The Court noted, as an example, that "[a] schedule change in an employee's work schedule may make little difference to many workers, but may matter enormously to a young mother with school age children. A supervisor's refusal to invite an employee to lunch is normally trivial, a nonactionable petty slight. But to retaliate by excluding an employee from a weekly training lunch that contributes significantly to the employee's professional advancement might well deter a reasonable employee from complaining about discrimination." *Id.* at 2415-16 (citation omitted).

discrimination provision differs from that of the anti-retaliation provision in important ways. *Id.* The Court noted, for instance, that the anti-discrimination provision contains words such as "hire," "discharge," "compensation, terms, conditions, or privileges of employment," "employment opportunities," and "status as an employee" that "explicitly limit the scope of that provision to actions that affect employment or alter the conditions of the workplace." *Id.* at 2411-12. The Court noted that "[n]o such limiting words appear in the anti-retaliation provision." *Id.* at 2412. The Court stated that "[g]iven these linguistic differences, the difference here is not whether identical or similar words should be read *in pari materia* to mean the same thing." *Id.* Rather, "[w]e normally presume that, where words differ as they differ here, 'Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" *Id.* (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)). The court went on to observe that "[t]here is strong reason to believe that Congress intended the differences that its language suggests, for the two provisions differ not only in language but in purpose as well" and "purpose reinforces what language already indicates, namely, that the anti-retaliation provision, unlike the substantive provision, is not limited to discriminatory actions that affect the terms and conditions of employment." *Id.* at 2412-13.

<u>Caldwell v. Johnson</u>

Unlike the *White* case, which involved private sector plaintiffs to whom §§ 2000e-2(a) and 2000e-3(a) applies, the case before this court involves a federal employee. Title VII provisions for federal employees are different from those

-5-

affecting private sector employees. The general anti-discrimination provision for federal employees is found at 42 U.S.C. § 2000e-16(a) and states that "[a]ll personnel actions . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin." There is no separate anti-retaliation provision for federal employees. Rather, retaliation claims by federal employees are cognizable because 42 U.S.C. § 2000e-16(d) incorporates § 2000e-5(g), which includes remedies for retaliation. The *White* Court's holding was based on its strict construction of the language of §§ 2000e-2(a) and 2000e-3(a), and the significant difference between the language used in each of those sections. Since Plaintiff was a federal employee, her retaliation claim is governed by the language of § 2000e-16(a) rather than the language of § 2000e-3(a). Section § 2000e-16(a) contains just the kind of limiting words ("personnel action") that the Supreme Court found to be significantly absent from § 2000e-3(a). *White*, 126 S. Ct. at 2411-12. Thus, the rationale for interpreting the retaliation provision of § 2000e-3(a) in cases involving private sector employees is absent in cases involving retaliation claims by federal employees brought under § 2000e-16(a). In sum, the reasoning for the *White'*s holding is simply not applicable in a case involving a federal employee since federal employee Title VII retaliation claim are affected by wholly different statutory language from the language that guided the Court's opinion in *White*.[2]

---

[2] In *Brockman v. Snow*, No. 06-1004, 2007 WL 493926 (4th Cir. Feb. 13, 2007), the Fourth Circuit recently applied the *White* standard to a retaliation claim involving a federal employee. The court did not, however, offer any discussion as to whether the *White* standard correctly applies to federal employees, and it is not clear as to whether either of the litigants raised the issue in that case. Thus, I do not read *Brockman* as rendering a definitive ruling on the issue.

At least one other district court in this circuit has also held that the new *White* standard does not apply to retaliation claims by federal employees. In *Ridgely v. Chao,* Civ. Action No. 1:06-343 (E.D. Va. Dec. 19, 2006),[3] the Eastern District of Virginia stated:

> The Court[']s holding in *Burlington Northern* does not apply to federal government employees, therefore Plaintiff fails to present an adverse action related to the terms or benefits of his employment. The court in *Burlington Northern* held that a private sector employee alleging retaliation under Title VII did not need to show adverse action directly related to employment. The Court established that a plaintiff must merely show that a challenged action was materially adverse and 'might have dissuaded a reasonable worker from making or supporting a charge of discrimination.' The Court emphasized that the retaliation provision of Title VII does not explicitly state that the challenged retaliatory acts must be related to the terms or conditions of employment. . . . The *Burlington Northern* Court distinguished the language of the retaliation provision from that used in the anti-discrimination provisions of Title VII, which explicitly forbid discrimination related to terms of employment. . . . .
> Here, applying the strict statutory construction promoted in *Burlington Northern* to the Title VII provision that addresses retaliation claims brought by federal government employees, a plaintiff must present a material adverse action related to terms of his employment to establish a prima facie case of retaliation. The relevant statute for claims brought by federal government employees, 42 U.S.C. § 2000e-16, contains language that limits legitimate retaliation claims to those regarding 'personnel actions.' The language of the Title VII provision for claims brought by federal government employees can be distinguished from the statute interpreted in *Burlington Northern*, which addresses claims brought by private sector employees because it specifically states that an adverse action must be a personnel action. Here, [the employee] fails to present a prima facie case of retaliation because he does not adduce evidence of an adverse employment action taken against him.

---

[3] The docket report for *Ridgely* indicates that the plaintiff filed a notice of appeal in that case on January 17, 2007.

*Id.* (citations omitted). The undersigned agrees with the reasoning of the *Ridgley* court that *White* does not apply to retaliation claims involving federal employees.

Because the undersigned has determined that the standard in *White* does not apply to federal employees, *White* has no effect on this court's earlier decision, which held that Plaintiff could not survive summary judgment on her retaliation claim under the *Von Gunten* standard.

Conclusion

It is, therefore, recommended that the court find that the *White* holding has no effect on the court's prior analysis.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, NC
April 3, 2007