IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JANE C. CALDWELL,                    )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )    1:03cv00707
                                     )
LISA P. JACKSON, Administrator       )
For the United States                )
Environmental Protection Agency,     )
                                     )
        Defendant.                   )

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

On August 11, 2009, the United States Magistrate Judge's Recommendation (Doc. 70) was filed, and notice was served on the parties pursuant to 28 U.S.C. § 636. Defendant Lisa P. Jackson, Administrator for the United States Environmental Protection Agency ("EPA"), filed objections to the Recommendation within the time limit prescribed by section 636 ("Objections"). (Doc. 73.) EPA also filed a Motion for Leave to Submit Further Evidence in Support of Objections to the Magistrate's Recommendation ("Motion for Leave to Submit Further Evidence"). (Doc. 72.) EPA attached the proposed further evidence to its Objections. Plaintiff Jane C. Caldwell ("Caldwell") filed a Motion to Strike Exhibits Filed in Support of Objections to the Recommendation ("Motion to Strike") or, in the alternative, for

leave to respond to EPA's Objections ("Motion for Leave to Respond") should the court grant EPA's Motion for Leave to Submit Further Evidence. (Doc. 74.)

For the reasons stated below, EPA's Motion for Leave to Submit Further Evidence (Doc. 72) will be DENIED, Caldwell's Motion to Strike (Doc. 74) will be GRANTED, and Caldwell's alternative Motion for Leave to Respond (Doc. 74) will be DENIED as moot. Defendant's Motion for Summary Judgment (Doc. 22; see Doc. 67) as to the retaliation claim will be DENIED.

## I. EPA'S PROFFER OF FURTHER EVIDENCE FOLLOWING ISSUANCE OF THE MAGISTRATE JUDGE'S RECOMMENDATION

Because EPA attached the proposed further evidence to its Objections and supported a substantial number of its specific arguments with citation to the proffered evidence (Doc. 73), the court will first address EPA's Motion for Leave to Submit Further Evidence. The matter has been fully briefed. (Docs. 75-77.)

Caldwell brought this action against EPA pursuant to Title VII of the Civil Rights Act of 1964. Caldwell alleged hostile work environment and retaliation for filing an Equal Employment Opportunity charge. This court granted EPA summary judgment on all claims. On August 15, 2008, the Fourth Circuit affirmed summary judgment for EPA on the hostile work environment claims but reversed summary judgment on Caldwell's retaliation claim,

2

remanding the case to this court "for consideration of the record in light of the new standard" announced in Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53 (2006). Caldwell v. Johnson, 289 F. App'x 579, 592 (4th Cir. 2008) (unpublished). The Magistrate Judge's Memorandum Opinion and Recommendation (Doc. 70) recommends that EPA's Motion for Summary Judgment (Doc. 67) as to the retaliation claim be denied.[1]

### A. Arguments of the Parties

EPA argues that it has shown good cause warranting consideration of the proposed further evidence in light of the "unique procedural history of this case." (Doc. 76 at 5.) EPA argues that the Fourth Circuit directed this court to consider "the record" in light of White when reconsidering EPA's summary judgment motion on remand and, therefore, EPA did not submit further evidence to the Magistrate Judge. EPA claims it did not realize it needed to submit further evidence until it learned that the Magistrate Judge's decision was going to be based on the "mistaken" finding "that for more than six months Plaintiff was forced to work with no direct telephone line, voicemail

---

[1] Defendant filed its motion for summary judgment on December 15, 2004. (Doc. 22.) The Magistrate Judge recommends denial of Defendant's motion for summary judgment as to the retaliation claim, referencing Docket number 67, which is the initial brief filed following remand. The Memorandum Opinion and Recommendation is clear that it addresses whether Defendant should be granted summary judgment as to Plaintiff's retaliation claim. (See Doc. 70 at 1.)

3

capabilities, computer word processing, and other necessary computer software." (Doc. 76 at 7 (quoting Doc. 70 at 33; adding emphasis).)

EPA also asserts that because Caldwell's retaliation claim was not actionable during the discovery period under controlling law (i.e., prior to White), EPA had no need to present evidence showing details of the equipment and services provided to Caldwell. EPA also asserts that the Magistrate Judge's findings include a period when Caldwell was supervised by EPA personnel who were different from those she has claimed retaliated against her. EPA asserts that it was not and could not have been aware of the need to submit the proffered evidence to counter a claim that had not been made, i.e., that Caldwell was deprived of office equipment "for more than six months" by EPA employees different from the ones identified by Caldwell. EPA also claims that Caldwell will not be prejudiced by the proffered evidence, most of which EPA asserts Caldwell herself identified and produced during discovery.

Caldwell counters by arguing that EPA has waited to see which way the Magistrate Judge would rule and, having received an unfavorable ruling as to some issues, is attempting to shift gears before this court. Caldwell points to briefing following remand undertaken at the request of EPA (see Doc. 65). EPA, Caldwell opines, had ample opportunity during this period to

move to submit further evidence but did not do so. And, Caldwell asserts, if EPA believed the Fourth Circuit intended the determination on remand to be limited to "the record" as it existed, then EPA's current request to submit further evidence contradicts that intention.

Caldwell asserts that the EPA's evidence is "grossly untimely," pointing to the December 15, 2004, filing of the Motion for Summary Judgment and asserting that, under Federal Rule of Civil Procedure 6(c)(2), "[a]ll affidavits supporting a motion must be served with the motion." (Doc. 75 at 10.)[2] Caldwell also asserts that "courts have developed a general rule, premised upon notions of judicial economy," that it would be "[f]undamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and – having received an unfavorable recommendation – shift gears before the district judge." (Doc. 75 at 14-15.)[3]

---

[2] The court notes that it does not appear that Rule 6(c) existed in 2004, the prior version having been rescinded in 1966 and the current version not then in place. Then-existing Rule 6(d) addressed affidavits in support of motions generally.

[3] The court acknowledges the concern expressed, although the court also notes that the quotation is from an opinion, Paterson-Leitch Co. v. Mass. Mun. Wholesale Elect. Co., 840 F.2d 985, 991 (1st Cir. 1988), which focused on a party presenting "new initiatives" and arguments to the district court after a magistrate judge's recommendation. In this respect, the Fourth Circuit, in an unpublished opinion, recently noted that Paterson-Leitch appears to be at odds with United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992), in which the Fourth Circuit held that as part of the de novo review of any issue to which objection is properly raised, a district court is required to consider all arguments directed to that issue, regardless of whether they were

5

Finally, Caldwell asserts that she will be prejudiced by the admission of further evidence because she has not had the opportunity to cross-examine the affiants. (Doc. 75 at 16.) Caldwell further asserts that thirty of the proffered documents have not been previously disclosed in discovery nor were written to or by her. (Doc. 77 at 9 & n.4.)

### B. Court's Discretion to Receive Further Evidence

The district court must make a de novo determination of those portions of a magistrate judge's report, specified findings, and recommendations to which a party objects. In making this determination, the court "may also receive further evidence." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b)(3) ("The district judge may . . . receive further evidence"). The district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse. Doe v. Chao, 306 F.3d 170, 183 & n.9 (4th Cir. 2002), aff'd, 540 U.S. 614 (2004).

While the court may receive further evidence, attempts to introduce new evidence after the magistrate judge has acted are disfavored. E.g., Virgin Enters. Ltd. v. Virgin Cuts, Inc., 149 F. Supp. 2d 220, 223 (E.D. Va. 2000); Callas v. Trane CAC, Inc., 776 F. Supp. 1117 (W.D. Va. 1990), aff'd, 940 F.2d 651 (4th Cir.

---

raised before the magistrate. Wojcicki v. Aiken Tech. Coll., No. 08-1469, 2010 WL 76358, at *3 (4th Cir. Jan. 11, 2010) (unpublished).

6

1991).  In appropriate cases, however, the district court may exercise its discretion and accept further evidence when a party offers sufficient reasons for so doing.  12 Wright, Miller & Marcus, Fed. Prac. & Proc. § 3070.2, at 378 (2d ed. 1997) ("The statute and the rule both confirm, further, that the district judge is completely free to supplement the record developed by the magistrate judge with further evidence. . . .").

**C.  Analysis**

The court has considered all the arguments of the parties and finds that EPA's Motion for Leave to Submit Further Evidence should be denied.  EPA had notice of the issues to be considered on remand and had ample opportunity to proffer additional evidence to the Magistrate Judge prior to issuance of the Recommendation.

A party, knowing the issue before the court, risks denial of a motion for leave to submit further evidence when it takes a calculated risk of evidentiary insufficiency by failing to submit all potentially relevant evidence on that issue to the magistrate judge.  See Chao, 306 F.3d at 183.  In this case, the pending motion is one filed by EPA for summary judgment.  The question before the Magistrate Judge, and now this court, is whether there is no genuine issue as to any material fact such that EPA is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c)(2).  In evaluating the motion, the court views the

facts and all reasonable inferences in the light most favorable to the nonmoving party. Caldwell, 289 F. App'x at 585 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

EPA is an experienced litigant and was on notice that the period of time of EPA's alleged failure to provide Caldwell with adequate working conditions was at issue. That EPA did not anticipate a finding of "for more than six months" compared to some other period of time does not provide an excuse, particularly in light of the Complaint's allegation that Caldwell was not provided sufficient items and services "for a substantial period of time." (Doc. 1 at 18.) Of greater import, in her initial brief following remand Caldwell cited record evidence in this regard from which it could be concluded that substandard conditions extended for a period of more than six months. (Doc. 67 at 8-12.) EPA had a full opportunity to move to have the additional evidence admitted after remand and prior to the Magistrate Judge's ruling, or to request an extension of time to explore that necessity. EPA did not do so. Accordingly, the court denies EPA's motion, and Caldwell's request for leave to respond to EPA's Objections is moot.

**II. EPA'S OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATION**

The court has made a de novo determination of those portions of the report to which EPA objects and finds that the objections do not change the substance of the United States

Magistrate Judge's rulings, which are affirmed and adopted, except for the finding that Plaintiff is a former employee of EPA.[4]

**III. CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (Doc. 22; see Doc. 67) as to the retaliation claim is DENIED, Defendant's Motion for Leave to Submit Further Evidence in Support of Objections to the Magistrate's Recommendation (Doc. 72) is DENIED, Plaintiff's Motion to Strike Exhibits Filed in Support of Objections to the Recommendation (Doc. 74) is GRANTED, and Plaintiff's alternative Motion for Leave to Respond (Doc. 74) is DENIED as moot.

                                                           /s/   Thomas D. Schroeder
                                                         United States District Judge

May 20, 2010

---

[4] EPA objects to the finding that Plaintiff is a former employee of EPA, asserting that Caldwell has been employed by EPA throughout the litigation. (Doc. 73 at 1.) Exclusion of that finding, however, does not affect the determination of EPA's motion for summary judgment.

9